UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LESLIE R. BAER,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN SCHROEDER,<br><br>                    Defendant. | NO. CV-11-3049-EFS<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR SUMMARY**<br>**JUDGMENT** |

Before the Court, without oral argument, is Defendant John Schroeder's Motion to Dismiss Petition and Alternative Motion for Summary Judgment, ECF No. 7. After considering the filings of the parties and reviewing applicable authority, the Court is fully informed. For the reasons discussed below, the Court grants Defendant's motion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant John Schroeder is a revenue officer (R.O.) with the Internal Revenue Service (IRS). On December 31, 2008, R.O. Schroeder was

---

[1] Because Plaintiff did not respond to Defendants' motion even after the Court issued a *Klingele* warning and accompanying extension of time to respond, ECF No. 13, the Court treats all facts as alleged in Defendants' motion as undisputed. *See* Fed. R. Civ. P. 56(e)(2). Thus, the Court sets forth all facts referenced in this background section without an ECF number.

ORDER ~ 1

assigned to investigate Ms. Baer's failure to file timely tax returns for her business, Baer Testing and Consulting, Inc., and her liability for trust fund recovery penalties under 26 U.S.C. § 6672. During the course of his investigation, R.O. Schroeder had multiple contacts with Ms. Baer; these contacts occured by phone, in person, and via correspondence. The first direct contact between R.O. Schroeder and Ms. Baer occurred in March 2009, when he made field visits to her business in connection with his investigation. In the course of R.O. Schroeder's investigation, a form letter was sent to Ms. Baer advising her of the provisions of 26 U.S.C. §§ 7512 and 7215 and advising her that violations of these statutes are punishable by up to one year of imprisonment. R.O. Schroeder did not threaten to imprison Ms. Baer, nor did he discuss imprisonment further with her.

After R.O. Schroeder's field visits in March 2009, Plaintiff, acting through her power of attorney, complained to R.O. Schroeder's manager and asked that a different R.O. be assigned to the case. The manager did not assign another R.O. to Ms. Baer's case, but from that point forward the manager was present for all of R.O. Schroeder's scheduled contacts with Ms. Baer. Both R.O. Schroeder and his manager noted that many of the scheduled meetings were long and intense, and that Ms. Baer was difficult to work with. Ms. Baer's adult son was present for one of the meetings, but did not participate. After the manager became involved in the case in the spring of 2009, Ms. Baer did not make any further complaints about R.O. Schroeder.

On April 6, 2011, R.O. Schroeder contacted Ms. Baer's power of attorney about certain paperwork that needed to be filed with another

office of the IRS, and was told that the paperwork had been filed. This was the last official contact that R.O. Schroeder had with Ms. Baer or her representatives before Ms. Baer filed her Petition.

On April 15, 2011, R.O. Schroeder stopped at a local bar and grill after work to pick up his dinner. While he was there, he was approached by a man he recognized as Ms. Baer's adult son. R.O. Schroeder rebuffed him and walked away and, after picking up his food, left the restaurant. He did not see Ms. Baer.

On April 18, 2011, Ms. Baer filed a Petition for an Order for Protection in Yakima County District Court, which the Court construes as a complaint. Ms. Baer's petition alleges that R.O. Schroeder visited her workplace "under false pretence [sic] to threaten to imprison her"; that he glared at and followed her at various public locations around Yakima; that he glared at her in Blockbuster Video and "became too close for comfort"; that he contacted her attorney about paperwork she had already submitted; that he glared at her in a local bar and grill; and that he was rude to her son when her son approached him at that bar and grill. ECF No. 1 Ex. 1 at 8, 9. Ms. Baer's petition further alleges that R.O. Schroeder is a "federal IRS agent intent on imprisoning [her]." *Id*. at 9. Ms. Baer's petition requests the following relief: 1) that R.O. Schroeder be restrained from making attempts to keep her under surveillance; 2) that he be restrained from making any attempts to contact her, except for mailing of court documents; 3) that he be excluded from her residence; 4) that he be restrained from being within 200 feet of her residence and workplace; and 5) that he be ordered to

ORDER ~ 3

leave any store, business, restaurant, or other public place upon seeing her. *Id.* at 7.

R.O. Schroeder lives and works in Yakima, Washington, and as such, visits businesses and public places in the Yakima area; indeed, his work requires him to visit various businesses in Yakima, as well as the Yakima post office. Mr. Schroeder asserts that he does not do so for the purpose of seeing Ms. Baer, and that his only contacts with Ms. Baer have been in connection with official IRS business. He does not recall ever seeing Ms. Baer in any other context, and he has never visited her residence. Mr. Schroeder asserts, and the Court takes as true for purposes of ruling on this motion, that if granted, the relief Ms. Baer requests would affect his ability to do his job.

R.O. Schroeder removed Ms. Baer's petition to this Court pursuant to 28 U.S.C. §§ 1442 & 1444 on April 27, 2011. ECF No. 1. On June 16, 2011, R.O. Schroeder moved to dismiss the petition under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(d) and, in the alternative, for summary judgment dismissal under Rule 56(c). ECF No. 7. Hearing on R.O. Schroeder's motion to dismiss was set for August 8, 2011. ECF No. 9. Under Local Rule 7.1(c)(1), Ms. Baer had thirty (30) days from the date of mailing of the Certificate of Service to respond to R.O. Schroeder's motion to dismiss. Ms. Baer did not respond within thirty days, and the Court provided her with a *Klingele* advisory and extended her response deadline to August 31, 2011. ECF No. 13. Ms. Baer has not responded to R.O. Schroeder's motion.

## II.  DISCUSSION

Defendant asserts several grounds on which the Court should dismiss Plaintiff's claims. Because the Court finds that Plaintiff's claims are

ORDER ~ 4

barred and that it is without jurisdiction to hear Plaintiff's claims, it does not reach Defendant's argument that Plaintiff has failed to state a claim for harassment under Washington law.

**A.   Plaintiff's Claims Against Defendant in his Individual Capacity**

An individual may sue federal agents in their individual capacity if he or she has "suffer[ed] a compensable injury to a constitutionally-protected interest." *Butz v. Economou*, 438 U.S. 478, 504 (1978). Such an action is typically referred to as a *Bivens* action, after *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). Here, Plaintiff has not alleged that her constitutional rights have been violated; read generously, her petition establishes only a claim for harrassment under Washington common law. Furthermore, the Ninth Circuit has held that "*Bivens* relief is not available for alleged constutitional violations by IRS officials involved in the process of assessing and collecting taxes." *Adams v. Johnson*, 355 F.3d 1179, 1184 (9th Cir. 2004). Because Plaintiff's allegations arise out of Defendant's attempts to investigate Plaintiff's unpaid federal tax liabilities, Plaintiff is precluded from bringing a *Bivens* action under *Adams*. Thus, to the extent that Plaintiff's complaint purports to state a *Bivens* claim against Defendant in his individual capacity, this claim is dismissed.

**B.   Plaintiff's Claims Against Defendant in his Official Capacity**

"[A] suit against IRS officials in their official capacity is essentially a suit against the United States. As such, absent express statutory consent to sue, dismissal is required." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Plaintiffs bear the burden of showing "an unequivocal waiver of sovereign immunity." *Baker v. United*

ORDER ~ 5

*States*, 817 F.2d 560, 562 (9th Cir. 1987). Here, Plaintiff has not alleged any such waiver, and the Court finds that the United States has not waived its sovereign immunity. Even construing Plaintiff's petition as alleging a claim under the Federal Tort Claims Act (FTCA), the FTCA does not waive immunity in "any claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). Thus, to the extent that Plaintiff's petition alleges a claim against Defendant in his official capacity, those claims are also dismissed.

**C.  Plaintiff's Suit for Unauthorized Collection of Taxes**

To the extent that Plaintiff's complaint may be construed as a suit for the unauthorized collection of taxes, the Internal Revenue Code requires that a taxpayer seeking to bring such a suit first exhaust his or her administrative remedies. *See* 26 U.S.C. § 7433(d)(1). Because Plaintiff has not demonstrated that she has exhausted her administrative remedies, the Court is without jurisdiction to hear her claim insofar as it is a claim for the unauthorized collection of taxes. *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (holding that the exhaustion requirement in § 7433(d)(1) is jurisdictional).

**D.  Plaintiff's Suit for Injunctive Relief**

Finally, Plaintiff's claim for injunctive relief does not fall within one of the statutory exceptions to the Anti-Injunction Act listed in 26 U.S.C. § 7421(a). "If a taxpayer fails to establish that his suit falls within one of the statutory or judicially created exceptions to the [Anti-Injunction] Act, the district court lacks subject matter jurisdiction and must dismiss the complaint." *Jensen v. Internal Revenue Serv.*, 835 F.2d 196, 198 (9th Cir. 1987). Accordingly, the Court must dismiss Plaintiff's complaint.

ORDER ~ 6

### III.  CONCLUSION

For the foregoing reasons, the Court finds that to the extent Plaintiff has alleged a *Bivens* action against Defendant in his individual capacity, it is barred by *Adams*; to the extent that Plaintiff has alleged a claim against Defendant in his official capacity, it is barred by the United States' sovereign immunity; to the extent that Plaintiff has alleged a claim for the unauthorized collection of taxes, it is barred by her failure to exhaust administrative remedies; and that under the Anti-Injunction Act, the Court is without subject matter jurisdiction to hear Plaintiff's claim.  Plaintiff's claims are dismissed, and the Court grants Defendant's motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Petition and Alternative Motion for Summary Judgment, **ECF No. 7**, is **GRANTED**.

2. The Telephonic Scheduling Conference set for October 6, 2011, **ECF No. 5**, is **STRICKEN.**

3. This matter is **dismissed** with prejudice in Defendant's favor.

4. This file shall be **closed**.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and provide copies of this Order to Ms. Baer and counsel.

**DATED** this ___26th___ day of September 2011.


                    S/ Edward F. Shea
                    EDWARD F. SHEA
                United States District Judge

Q:\Civil\2011\3049.grant.SJ.dismiss.lc2.wpd

ORDER ~ 7